# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 6:11-CR-00078-RC |
| v. § | |
| § | |
| § | |
| § | |
| TREVORRIS WOODARD § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 8, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Trevorris Woodard. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by John Thorson.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine Base, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 23 and a criminal history category of II, was 60 to 63 months. On July 19, 2012, District Judge Leonard Davis sentenced Defendant to 60 months of imprisonment followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment. On March 20, 2015, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

In its petition, the government alleges that Defendant violated this condition of supervised release by failing to notify the U.S. Probation Office that he was arrested on January 5, 2016, on a warrant for Possession of an Open Container. The government further alleges that Defendant failed to notify the U.S. Probation Office that he had contact with the Longview, Texas police department on January 22, 2016.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to notify the U.S. Probation Office that he had contact with law enforcement on two occasions, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline Imprisonment Range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts alleged above. In exchange, the government agreed to recommend a sentence of 10 months with no supervised release to follow, with the term of imprisonment to run concurrently with Defendant's sentence in Case No. 6:16-cr-24(1).

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Trevorris Woodard be committed to the custody of the Bureau of Prisons for a term of imprisonment of 10 months with no supervised release to follow, with the term of imprisonment to run concurrently with Defendant's sentence in Case No. 6:16-cr-24(1). The Court **FURTHER RECOMMENDS** that drug treatment be provided to Defendant during the term of

imprisonment and that the place of confinement be Seagoville or as close to Longview as possible in order to facilitate family visitation.

**So ORDERED and SIGNED this 8th day of February, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE